IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE, et al.,

      Plaintiffs,

v.                                                                                                 Case No. 23-2491-JWB

JANELLE ESCALANTE, CHRISTOPHER WILSON,
And LEWANNA BELL-LLOYD,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court after reassignment. Plaintiff is proceeding pro se and has filed this 42 U.S.C. § 1983 action against Janelle Escalante, the mother of his children, Christopher Wilson, Janelle's attorney, and Lewanna Bell-Lloyd, a state court guardian ad litem. (Doc. 1.) In his amended complaint, Plaintiff states that he is also proceeding as next friend for two minors. (Doc. 4 at 2.) This action involves ongoing child custody proceedings in state court. Plaintiff complains of a protection from stalking case filed by Janellee Escalante and related orders entered by the state court judge. Plaintiff also alleges that Defendants, along with Judge Paul Burmaster, have conspired to deprive him of his constitutional rights. (*Id.* at 7.) This is not the first action that Plaintiff has filed against these Defendants. In April 2023, Plaintiff filed a similar action. *See Escalante v. Escalante, et al.*, Case No. 23-2176-KHV. In that action, the magistrate judge recommended dismissing the case under the *Younger* abstention doctrine. *Id.,* Doc. 20. After the filing of the recommendation, Plaintiff voluntarily moved to dismiss his case without prejudice. *Id.*, Doc. 21. On November 6, 2023, Judge Vratil granted the motion to dismiss but admonished Plaintiff to consult Federal Rule of Civil Procedure 11 before re-asserting claims which this court

has previously rejected based on the ongoing state court custody proceedings. *Id.*, Doc. 22. Plaintiff has also filed at least four other actions in this court related to the state court proceedings within the last year. *Escalante v. Burmaster*, Cases 23-cv-03193-JWL; 23-cv-3195-JWL, 23-cv-03232-JWL, 23-cv-2130-TC, and 23-cv-2471-JWB.

On November 6, 2023, Plaintiff filed this action. (Doc. 1.) Since filing this action, Plaintiff has filed an amended complaint. (Doc. 4.) In this court, an amended complaint is not construed as an addendum to the original complaint, but instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. Here, the operative pleading is Plaintiff's Amended Complaint (Doc. 4).

Further, Plaintiff has inundated the court with numerous filings in this case and in a similar case assigned to the undersigned, Case. No. 23-2471, which is a § 1983 action against Judge Burmaster. "The right of access to the courts is neither absolute nor unconditional." *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). Rather, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted).

After review of Plaintiff's pleadings, it is likely that his claims suffer the same jurisdictional defects identified by Magistrate Judge James. However, Defendants' deadline to file an answer or responsive pleading has not yet passed and it is clear that Defendants intend to file dispositive motions. (Docs. 12, 13, 17, 18.) The court has reviewed the factors set forth in *United States v. Kettler*, 934 F.2d 326 (Table), 1991 WL 94457 *6 (10th Cir. 1991), and concludes that filing restrictions in this case are appropriate.

At this time, Plaintiff is restricted from filing any documents or motions in this action, with the exception of responses and reply briefs to motions already pending or the forthcoming motions to dismiss, unless he first seeks leave from the court.  In order to do that, Plaintiff must file a motion to asking the court to approve his proposed filing, along with the reason why the filing is necessary at the time, and attach the proposed filing to the motion.  The court will rule on the motion expeditiously.  To the extent the court determines that a hearing is appropriate before ruling on any such motion, such hearings will generally be held in person at the federal courthouse in Wichita, Kansas.

IT IS SO ORDERED.  Dated this 6th day of December, 2023.

    s/ John W. Broomes     
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE