IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE,

    Plaintiff,

v.

JANELLE ESCALANTE, CHRISTOPHER WILSON, and LEWANNA BELL-LLOYD,

    Defendants.

Case No. 23-cv-2491-JWB-TJJ

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel (ECF No. 19). Plaintiff, proceeding *pro se*, requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied.

Unlike a criminal defendant, a plaintiff bringing a civil case has no constitutional or statutory right to appointed counsel.[1] For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides the Court with discretionary authority to "request an attorney to represent any person unable to afford counsel." The provision, however, does not provide a statutory right to counsel,[2] and Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[3] In determining whether to appoint counsel under 28 U.S.C. § 1915(e),

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

[3] *See Castner*, 979 F2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing

the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4] The burden is on the plaintiff to convince the Court that his or her claim has sufficient merit to warrant the appointment of counsel.[5] The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[6]

Plaintiff fails to convince the Court that appointment of counsel is warranted under the factors set out above. First, the merits of Plaintiff's claims in this case appear questionable. Plaintiff filed a form "Complaint for Violation of Civil Rights." On the form he does not check either of the boxes under the Basis of Jurisdiction section to specify either that he is bringing suit against Federal officials (a Bivens claim) or State of local officials (a Section 1983 claim). Then in response to the question, "If you are suing under Section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?," Plaintiff responded with a laundry list of alleged constitutional and statutory violations. Yet, the Complaint doesn't allege that any of the three named Defendants is a Federal, State or local official—rather, Plaintiff identifies the named Defendants as "mother," "attorney," and "guardian," and sues them in their

---

counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[4] *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[5] *Hill,* 393 F.3d at 1115.

[6] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

individual capacities, not in any official capacity. Thus, the basis of this Court's jurisdiction over Plaintiff's alleged claims, if any, is unclear. Additionally, five of Plaintiff's prior lawsuits in this Court have already been dismissed without prejudice.[7] Although the named Defendants in this case differ from the named defendants in some of those dismissed cases, it appears many of the factual allegations in this case are similar to the allegations in those dismissed cases and may suffer from the same fatal defects. Second, based on the Court's review of the pleadings and related documents Plaintiff has filed in this case and in his other cases, Plaintiff appears to have the ability to present his claims. Indeed, in addition to this case, to date Plaintiff has filed seven other lawsuits in this Court, with scores of pleadings filed cumulatively in those dockets.[8] Plaintiff has been able to adequately communicate to the Court the pertinent allegations giving rise to his claims. Third, neither the nature of the factual or legal issues raised, nor the merits of Plaintiff's claims asserted in this case, justify appointing him counsel. The claims asserted are not factually complex. Given the liberal standards governing *pro se* litigants, if Plaintiff devotes sufficient efforts to presenting his case, he can do so adequately without the assistance of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 19) is denied.

---

[7] See *Escalante v. Escalante,* 23-cv-2176-KHV, *Escalante v. Burmaster*, 23-cv-2130-TC, 23-cv-3193-JWL, 23-cv-3195-JWL, and 23-cv-3232-JWL

[8] *Id. See Escalante v. Burmaster*, 23-cv-2471-JWB, *Escalante v. City of Gardner, Kansas*, 23-cv-2529-JWB.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 21st day of December, 2023.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge
