IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE, et al.,

        Plaintiffs,

v.                                                Case No. 23-2491-JWB

JANELLE LEIGH ESCALANTE, CHRISTOPHER T. WILSON
And LEWANNA BELL-LLOYD,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motions to dismiss. (Docs. 29, 39.) The motions are fully briefed and ripe for decision. (Docs. 32, 34, 40, 41, 44, 45–48.) The motions are GRANTED for the reasons stated herein.

**I.   Facts and Procedural History**

Plaintiff is proceeding pro se and has filed this action against Janelle Leigh Escalante ("Janelle"), his ex-wife, Christopher T. Wilson, his ex-wife's attorney, and Lewanna Bell-Lloyd, the court appointed guardian ad litem in the state divorce and child custody proceedings. (Doc. 1.) This is not the first action filed against these Defendants. Plaintiff previously filed an action in this court in April 2023 against these Defendants. *Escalante v. Escalante, et al.*, Case 23-2176-KHV. Plaintiff has also filed at least six actions against the state court judge that presided in the proceedings. *See Escalante v. Burmaster*, Cases 23-03193-JWL; 23-3195-JWL, 23-3232-JWL; 23-2130-TC; 23-2471-JWB; 23-2559-JWB. All of those actions have since been dismissed. Plaintiff's previous case against these Defendants was dismissed without prejudice by Plaintiff after Magistrate Judge James had entered an order recommending dismissal under the *Younger*

1

abstention doctrine. *Escalante v. Escalante, et al.*, Case 23-2176-KHV, Doc. 20. Notably, on November 6, 2023, Judge Vratil entered an order admonishing Plaintiff to consult Federal Rule of Civil Procedure 11 before re-asserting claims which this court has previously rejected based on the ongoing state court custody proceedings. *Id.*, Doc. 22. Plaintiff filed this action the same date that order was entered by Judge Vratil. (Doc. 1.) Plaintiff has since amended his complaint. (Doc. 4.)

The amended complaint seeks over $1 million in damages for violations of Plaintiff and his children's civil rights. Plaintiff brings claims under 42 U.S.C. § 1983 and § 1985(3). Plaintiff has also brought claims of abuse of process and intentional infliction of emotional distress under Kansas law. Plaintiff claims that Defendants have conspired with Judge Burmaster to violate his civil rights. Plaintiff alleges that Defendants deprived him of his right to due process, access to the courts, and his parental rights in the state court proceedings. There are two different state court cases: 22CV03391 and 18CV03813. The 2022 case is an action in which Janelle filed a petition for a protection from stalking order. (Doc. 29-5.) The 2018 case is an action for dissolution of marriage and related child custody proceedings. (Doc. 29-4.)

Plaintiff's amended complaint is difficult to follow. Essentially, he makes allegations concerning alleged fraud upon the state court and also asserts that Judge Burmaster was involved in this fraudulent conduct or was deceived by Defendants. Plaintiff alleges that Janelle was out to destroy him and his relationship with his daughters. (Doc. 4 at 2.) Plaintiff further alleges that Janelle made false allegations that she was fearful of Plaintiff and repeated those same sentiments on the witness stand. On June 13, 2022,[1] Janelle filed a motion for temporary and permanent modification of parenting plan and request for emergency relief. (*Id.* at 4.) Plaintiff alleges that

---

[1] Reviewing the state court docket, it appears that this filing was made on June 24, 2022. (Doc. 29-4 at 10.)

this motion was full of false statements, omissions, and false assertions. Specifically, Plaintiff alleges that Janelle and Wilson lied when they stated in the motion that Plaintiff would not let his daughter attend a 4-H fair. (*Id.*) A hearing was held shortly after the motion was filed and Plaintiff alleges that Judge Burmaster was manipulated by Defendants' lies. (*Id.* at 5.) Plaintiff further alleges that Janelle used the court docketing portal to create a petition for protection from stalking in the 2022 case in July 2022. Plaintiff claims that the document was somehow tampered with by adding pages. Plaintiff asserts that this must mean that Burmaster was involved with the tampering of the petition. (*Id.* at 6.) A "false protective" order was then entered which allegedly interfered with his constitutionally protected liberties, due process, and children's rights. Plaintiff contends that he never saw his children again after this order was entered. Plaintiff alleges that he could not see his children because Janelle "illegally forged a protective order [] out of fraud" and she is an "incredibly dangerous person." (*Id*.) Notably, a review of the record and filings shows that Plaintiff raised Janelle's alleged perjury with the state court during the proceedings. (Doc. 29-8.) Plaintiff's motion filed in state court discusses the alleged misrepresentations made in the June 2022 emergency motion and other alleged misrepresentations to the court. *Id.* The state district court judge ruled on all of the motions presented during the proceedings as reflected on the docket sheet.

On October 18, 2023, a journal entry of judgment and final order as to parenting time was issued. (Doc. 29-3.) Notably, the order reflects that on June 30, 2022, Plaintiff was ordered to complete supervised parenting sessions due to disturbing messages that Plaintiff sent to the children. (*Id.* at 2.) Plaintiff failed to comply with the court order and "steadfastly refused to see his children" even after the court implored him to reconsider and visit his children. *Id.* "Instead of seeing or supporting his children, [Plaintiff] focused on harassing Mother, her counsel, the

3

Court, and others with frivolous lawsuits and absolutely false allegations on the internet." *Id.* at 3. The court referred the child support issue to the Hearing Officer and made a final ruling on parenting time. The court ruled that Janelle would have sole decision-making custody and that Plaintiff could not have any contact with the children until he took certain steps, including reintegrative therapy with the children. *Id.*

In his amended complaint, Plaintiff contends that Defendants have violated his constitutional right to parenting time with his children and that they have conspired to take his children away from him. (Doc. 4 at 8.) As a result, Plaintiff and his children have suffered injuries. He seeks compensatory and punitive damages. He brings claims under §§ 1983 and 1985(3). He further asserted a claim of abuse of process under Kansas law based on the alleged conspiracy between the parties to eliminate Plaintiff's parenting time, his loss of money, and alleged detention. Plaintiff has also asserted a claim of intentional infliction of emotional distress based on the same conduct.[2]

Defendants Wilson and Janelle Escalante move for dismissal on the basis that this court lacks subject matter jurisdiction over this matter. Alternatively, they move to dismiss for failure to state a claim. Defendant Bell-Lloyd moves to dismiss on the basis that she is immune from suit. Plaintiff opposes the motions.

**II.    Standard**

---

[2] Counts 2 through 4 in Plaintiff's amended complaint appear to name Judge Burmaster as a Defendant although Judge Burmaster was not added to this action due to the absence of his name in the heading. (Doc. 4 at 1, 9–12.) Plaintiff did not initially include Judge Burmaster as a defendant in the original complaint. (Doc. 1.) This court has previously held that Plaintiff's claims against Judge Burmaster involving the state court proceedings are barred by judicial immunity. *See Escalante v. Burmaster*, Case No. 23-2130-TC. Subsequently, this court has dismissed two other actions on collateral estoppel grounds. *See Escalante v. Burmaster*, Cases 23-2471-JWB; 23-2559-JWB. To the extent Plaintiff's amended complaint brings claims against Judge Burmaster, the claims are dismissed as frivolous for the reasons stated in this court's prior orders. *See, e.g.* Case 23-2559-JWB, Doc. 15. Further, Plaintiff's motion to take judicial notice of an action he filed in state court against Judge Burmaster (Doc. 49) is denied.

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with a motion invoking both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Given Plaintiff's pro se status, the court construes his pleadings liberally, but it cannot act as his advocate or construct arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

### III. Analysis

The court finds that it lacks jurisdiction over this matter. Further, the court finds that the allegations pertaining to the federal causes of action fail to state any cognizable claim upon which relief can be granted. The court will address the arguments in turn.

### A. The Children's Claims

Initially, Defendants all move to dismiss the claims Plaintiff brings on behalf of his children on the basis that he is unable to proceed on their behalf because he is pro se. Under 28 U.S.C. § 1654, a federal court litigant has the right to act as his own counsel or proceed with counsel pursuant to the rules of the court. The right to appear pro se only applies to the "appearance for one's self." *Draughon v. United States*, 103 F. Supp. 3d 1266, 1284 (D. Kan. 2015) (citation omitted). In response, Plaintiff asserts that he emailed the clerk's office to fix this as he was unaware that he could not represent the children and that "clearance was granted." (Doc. 32 at 3.) Plaintiff may be referring to an order by Magistrate Judge James in which she denied an amended filing and stated that Plaintiff could not represent his children. (Doc. 30.) That ruling, however, did not dismiss the children's claims on the record. Therefore, the court grants the motion to dismiss any claims brought on behalf of the minor children on the basis that Plaintiff cannot bring claims on their behalf without representation.

### B. *Rooker-Feldman* Doctrine

Defendants Janelle and Wilson move to dismiss on the basis that this action is barred by the *Rooker-Feldman* doctrine. That doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted). "The essential point is that barred claims are those complaining of injuries caused by state-court judgments. In other words, an element of the claim must be that the state court wrongfully entered its judgment." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (internal citations and quotations omitted).

6

Here, Plaintiff is claiming injury from state court rulings in the child support action and the protection from stalking action and is asking the court for damages based on actions taken in the state court. Insofar as he complains that he was unfairly required to pay child support or asserts that certain orders are fraudulent, the claims all stem from the state court orders and judgment. The requested relief effectively asks the court to review and reject that judgment. Under *Rooker-Feldman*, this court has no jurisdiction to grant such relief. *See Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003) (finding that the court had no jurisdiction to review proceedings involving the plaintiff's divorce and child support obligations); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019). The "federal district courts 'do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in the United States Supreme Court.'" *Jackson,* 81 F. App'x at 285–86 (quoting *Johnson v. Rodrigues*, 226 F.3d 1103, 1108 (10th Cir. 2000)). Further, the court also lacks jurisdiction over Plaintiff's claims that Defendants unlawfully interfered with his parenting time due to Janelle's misrepresentations because such claims are "inextricably intertwined" with the state court decisions in his child custody case. *See Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007). As the record reflects, Plaintiff raised these issues in his state court proceedings and the court issued rulings regarding the same. Therefore, the court lacks jurisdiction over these claims because they "assert injuries based on the [state court decisions] and, for [him] to prevail, would require the district court to review and reject those [decisions]." *Id.* This deprives the court of subject matter jurisdiction over Plaintiff's claims because they either seek to overturn the state court decisions or pursue damages from these Defendants as a result of those decisions. Plaintiff's arguments that his claims don't fall under this

doctrine because he is not challenging the state court decisions lack merit. Plaintiff already raised these issues in the state court and that court rendered decisions regarding the same. This is not a situation in which Plaintiff is claiming a fraud upon the court that was never addressed in the proceedings below. It is readily apparent that Plaintiff's claims are "little more than thinly disguised efforts to overturn, or at least call into question the validity of, the rulings entered against him" in the Kansas state courts. *Wideman v. Colorado*, 242 F. App'x 611, 614 (10th Cir. 2007).

Therefore, the court finds that it lacks subject matter jurisdiction over this matter.

### C. *Younger* Abstention

Defendants also ask the court not to exercise jurisdiction over some of the claims to the extent they may remain pending in state court. To the extent Plaintiff is seeking relief relating to an ongoing civil or administrative proceeding concerning payment of child support or the active protection from stalking order, as opposed to challenging the effects of a prior judgment, the court concludes the exercise of jurisdiction by this court is precluded by the *Younger* abstention doctrine. Under that doctrine, a federal district court must abstain from hearing a federal case when: 1) a state criminal, civil, or administrative proceeding is pending; 2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and 3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Phillips v. Martin*, 315 F. App'x 43, 44 (10th Cir. 2008) (citation omitted). Although the record indicates that both the 2022 and the 2018 cases are terminated, the child support issue was referred to a hearing officer at the conclusion of the 2018 case and the order entered in the 2022 case remains valid until 2026. These ongoing proceedings implicate important state interests. *See Johnson*, 2019 WL 1915563, at *3 (citing *Wideman,* 242 F. App'x at 614). Moreover, Plaintiff has failed to allege or explain why he lacks an adequate

8

forum in the state proceeding to raise his claims. *Id.* The court therefore concludes that to the extent Plaintiff's allegations challenge any ongoing proceedings, it lacks subject matter jurisdiction to address Plaintiff's claims.

To the extent any of Plaintiff's claims include allegations that could be construed as claims that do not attack the rulings in the state court case or involve ongoing proceedings, Plaintiff's claims are subject to dismissal on other grounds.

### D. Immunity

Defendant Bell-Lloyd argues that she is entitled to immunity for the actions she took in the state court proceedings.

Here, Plaintiff's allegations regarding Bell-Lloyd are almost entirely conclusory. Plaintiff asserts that she has conspired with the other Defendants to violate his rights. The facts concerning her conduct, however, are limited. Plaintiff complains that Bell-Lloyd has been negligent in preventing the violation of Plaintiff's rights by Judge Burmaster and the other Defendants. Plaintiff contends that Bell-Lloyd should have reported attorney misconduct based on false allegations in the pleadings in state court. (Doc. 4 at 18.) This allegation is entirely frivolous. Further, Plaintiff himself raised this issue before the state court and Plaintiff offers no factual basis to show that Bell-Lloyd had any knowledge of the alleged falsity in any pleadings. Plaintiff further contends that Bell-Lloyd's misconduct includes incorrect billing and her failure to contact one of the mental health professionals. (*Id.* at 19.) Plaintiff also alleges that Bell-Lloyd refused service of documents by Plaintiff. However, Plaintiff further contends that the documents were filed on the case record. (Doc. 40 at 3.) Therefore, personal service was not necessary.

A guardian ad litem is entitled to the defense of quasi-judicial immunity when she is performing functions closely associated with the judicial process. *Dahl v. Charles F. Dahl, M.D.,*

9

*P.C. Defined Ben. Pension Tr.*, 744 F.3d 623, 630 (10th Cir. 2014). A guardian ad litem is not immune for actions taken in the "clear absence of all jurisdiction." *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 (1978). Plaintiff argues that Bell-Lloyd is not entitled to immunity because she has acted against the interest of the children. (Doc. 40 at 3.) Plaintiff then gives examples of how he believes that Bell-Lloyd's billing was inconsistent. Plaintiff further argues that Bell-Lloyd failed to contact a certain provider. Plaintiff's allegations regarding Bell-Lloyd all involve her duties as a guardian ad litem. Bell-Lloyd is required to bill for her services and meet with providers in making recommendations to the court. Even if Bell-Lloyd's conduct in billing was wrongful or even unlawful, she is still entitled to immunity because she had authority to bill for her time and meet with providers or choose not to meet with certain providers. *See Dahl*, 744 F.3d at 630–31.

Therefore, the claims against Bell-Lloyd are dismissed on the basis of quasi-judicial immunity.

### E. Failure to State a Claim

Further, Plaintiff has failed to sufficiently allege a claim under federal law. Section 1983 is a statute that provides a "remedy for constitutional violations committed by state officials." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). Defendants are not state actors. *See Morkel v. Davis*, 513 F. App'x 724, 730 (10th Cir. 2013) (discussing that guardians ad litem are not state actors for the purpose of § 1983); *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) ("The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983.") Therefore, the only way that Plaintiff can plausibly state a claim here is to allege a conspiracy between Defendants and a state actor. *Beedle*, 422 F.3d at 1073. To make such a

showing, Plaintiff must "specifically plead facts tending to show agreement and concerted action." *Id.* To sufficiently allege joint action, the allegations must evidence a "specific goal to violate the plaintiff's constitutional rights by engaging in a particular course of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1264 (D. Kan. 2008) (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1455 (10th Cir. 1995).

Plaintiff's amended complaint makes repeated conclusory allegations that Defendants conspired with Judge Burmaster or each other to violate his constitutional rights. The only allegations involving Judge Burmaster that are not conclusory include an assertion that Wilson and Janelle somehow tampered with the protection from stalking petition by adding two pages and that this tampering must have involved Burmaster. (Doc. 4 at 6.) These allegations are insufficient to plausibly suggest an agreement and concerted action between Defendants and Judge Burmaster.

Plaintiff also alleges Defendants conspired to violate § 1985(3). Section 1985(3) prohibits conspiracies "motivated by some racial, or perhaps other class-based, invidiously discriminatory animus." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Plaintiff has failed to allege that Defendants' actions were motivated by his class.

Therefore, even if this court has jurisdiction over some aspect of Plaintiff's federal claims, they are subject to dismissal for failure to state a claim. Under these circumstances the court generally declines to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c); *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.")

### F. Leave to Amend and Defendants' request for Sanctions

Plaintiff seeks leave to amend in order to add a claim under 18 U.S.C. § 3771. (Doc. 47 at 8.) This is not a proper motion to amend as Plaintiff has failed to attach the proposed amended complaint. D. Kan. R. 15.1. Further, there is no private right of action under § 3771. Moreover, for the reasons stated herein, any amended complaint would be futile as it would be subject to dismissal on the basis that this court lacks jurisdiction. This is the second time that Plaintiff has brought suit against these Defendants and he has already amended his complaint in this action. In addition to the lack of jurisdiction, Plaintiff's allegations against these Defendants are entirely frivolous and an attempt to relitigate issues from the state court case. Plaintiff is reminded of the filing restrictions in this court.

Defendants Wilson and Janelle Escalante also seek sanctions against Plaintiff for proceeding with this action in the form of attorney's fees. (Doc. 29 at 23.) Under Federal Rule of Civil Procedure 11, a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Here, Defendants did not file a motion for sanctions separate from the motion to dismiss. Further, there is no indication that Defendants served Plaintiff with the motion for sanctions prior to filing this motion. Therefore, the court declines to enter sanctions on the basis that Defendants did not comply with Rule 11.[3] *See Hughes v. SSI*, No. 02-2042-JWL, 2002 WL 922129, at *2 (D. Kan. Apr. 18, 2002) (finding that Rule 11's provisions were

---

[3] The court further notes that although Plaintiff was warned by Judge Vratil regarding potential Rule 11 sanctions, that order was entered on the same date that Plaintiff filed this action and was sent in the mail that same date. After a review of the time stamps on the filed documents, Plaintiff's complaint in this case was filed before Judge Vratil entered the order warning him of potential sanctions. *See Escalante v. Escalante, et al.*, Case 23-2176-KHV, Doc. 22 (reflecting a time stamp of 4:39 p.m. on November 6, 2023) and Doc. 1 (reflecting a time stamp of 9:04 a.m. on November 6, 2023).

mandatory). However, Plaintiff is now on notice that any further action against these Defendants will subject him to sanctions if the court finds that the action is frivolous.

## IV.  Conclusion

Defendants' motions to dismiss (Docs. 29, 39) are GRANTED. Plaintiff's motion to take judicial notice of an action he filed in state court against Judge Burmaster (Doc. 49) is DENIED. Defendant Janelle Escalante's motion to strike the return (Doc. 26) is DENIED AS MOOT.[4]

IT IS SO ORDERED. Dated this 31st day of January, 2024.

            s/ John W. Broomes
            JOHN W. BROOMES
            UNITED STATES DISTRICT JUDGE

---

[4] The court notes that Plaintiff filed an amended return of summons after the filing of this motion. (Doc. 35.)