IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW ESCALANTE, et al.,

      Plaintiffs,

v.                                                        Case No. 23-2491-JWB

JANELLE LEIGH ESCALANTE, CHRISTOPHER T. WILSON
And LEWANNA BELL-LLOYD,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Affidavit submitted pursuant to 28 U.S.C. § 144. (Doc. 52.) After review, the court finds that Plaintiff has not sufficiently demonstrated that the undersigned has a personal bias or prejudice against him.

Plaintiff is proceeding pro se and filed this action against Janelle Leigh Escalante, his ex-wife, Christopher T. Wilson, his ex-wife's attorney, and Lewanna Bell-Lloyd, the court-appointed guardian ad litem in state divorce and child custody proceedings. (Doc. 1.) Plaintiff has filed several actions in this court involving these Defendants and the state court judge that was presiding over the matter. *See Escalante v. Escalante, et al.*, Case 23-2176-KHV; *Escalante v. Burmaster*, Cases 23-03193-JWL; 23-3195-JWL, 23-3232-JWL; 23-2130-TC; 23-2471-JWB; 23-2559-JWB. All of those actions have since been dismissed. Notably, in early January, the court imposed filing restrictions against Plaintiff. *Escalante v. Burmaster*, Case 23-2471-JWB, Doc. 58. Those restrictions prevent Plaintiff from filing any new civil actions without counsel until he has received authorization by a judge on this court. Plaintiff has since filed a notice of appeal in that case. *Id.*, Doc. 59. This action was dismissed on January 31, 2024, and judgment was entered the same date.

1

(Docs. 50, 51.) The court found that it lacked jurisdiction over this action under *Rooker-Feldman*. The court further found that to the extent the allegations involved issues remaining in the child support proceedings or the protection from stalking case that the exercise of jurisdiction by this court was precluded by the *Younger* abstention doctrine. Alternatively, the court found that the allegations pertaining to the federal causes of action failed to state any cognizable claim upon which relief can be granted.

The day after the court entered judgment Plaintiff filed an affidavit pursuant to 28 U.S.C. § 144. Plaintiff asserts that the undersigned has a personal bias or prejudice against him and that this matter must be reassigned to another judge as a result. Although only filed by way of affidavit, the court further construes the filing as a motion to disqualify.

I.   Analysis

Under § 144, the affidavit of personal bias or prejudice need be timely, sufficient, and accompanied by a certificate of good faith of counsel. *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). "Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that he is impartial." *Id.* The test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists" 28 U.S.C. § 144. "Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification." *Burger*, 964 F.2d at 1070. Further, "judicial rulings alone almost never constitute a valid basis for a bias or

partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Almost invariably, these are proper grounds for appeal, not for recusal." *Id.*

Plaintiff timely filed his affidavit as he claims the grounds for the affidavit come from the undersigned's ruling on January 31, 2024. Plaintiff also attached a certificate of good faith to his affidavit in accordance with the statute. (Doc. 52 at 6.) Plaintiff, however, has failed to sufficiently demonstrate that the undersigned is not impartial. Plaintiff's affidavit makes four different allegations or categories of argument: the undersigned is biased based on a statement that Plaintiff's pleadings were "hard to follow"; a sentence in the order contemplating that Plaintiff may be challenging child support orders; dismissals of Plaintiff's prior two cases handled by the undersigned; and general arguments on the merits of the cases. (*Id.* at 1–4.) None of these allegations would allow a reasonable person to conclude that the undersigned is impartial or biased against Plaintiff. Rather, all of these arguments focus on the undersigned's rulings. The court's reference to Plaintiff's pleadings as "hard to follow" does not demonstrate bias or prejudice but was a reflection on how the pleadings, at times, included a rambling recitation of facts which was hard to follow in the context of determining the basis for Plaintiff's claims or injuries. Further, Plaintiff's assertion that the undersigned erred in characterizing his pleadings as objecting to a child support order also does not show prejudice. When construing pro se filings, the court is to attempt to determine what relief a pro se party may be seeking. The fact that Plaintiff may not be seeking such relief does not reflect a bias by the undersigned. Moreover, such a reading of Plaintiff's claims did not result in any prejudice to Plaintiff.

With respect to Plaintiff's assertion that his claims here and in prior actions have merit and that the filing restrictions were erroneous, such arguments are not allegations of fact that show bias or prejudice. Rather, they are arguments pertaining to rulings which do not show bias or prejudice.

Plaintiff is free to make any argument of error in the undersigned's rulings on appeal to the Tenth Circuit Court of Appeals.[1]

## II. Conclusion

Plaintiff's affidavit of fact pursuant to 28 U.S.C. § 144 fails to demonstrate bias or prejudice by the undersigned. Therefore, the court denies Plaintiff's motion for disqualification.

IT IS SO ORDERED. Dated this 6th day of February 2024.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that Plaintiff has not yet filed an appeal in this matter. Plaintiff's affidavit contends that he will file an "objection" to this court's memorandum and order dismissing the action. (Doc. 52 at 1.) The Federal Rules of Civil Procedure do not recognize "objections" to a memorandum and order dismissing an action or the entry of final judgment. Plaintiff is free to timely file an appeal in accordance with the Rules or file a motion under Rule 59 or 60 should there be a basis in the law to do so.